*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1662**

State of Minnesota,
Respondent,

vs.

Christopher Andrew Hondl,
Appellant.

**Filed August 24, 2015
Affirmed
Connolly, Judge**

Steele County District Court
File No. 74-CR-12-1943

Lori Swanson, Attorney General, John D. Gross, Assistant Attorney General, St. Paul, Minnesota; and

Daniel A. McIntosh, Steele County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Rodenberg, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges his conviction of fifth-degree possession of methamphetamine on the ground that the district court abused its discretion in admitting into evidence shards of glass collected at the scene where appellant threw a glass pipe at a police officer because the shards lacked foundation and the state failed to prove the chain of custody. Because we see no abuse of discretion in the admission of the shards into evidence and because, even without the shards, the jury had ample evidence on which to base its finding of appellant's guilt, we affirm.

## FACTS

About 10:00 p.m. on September 10, 2012, two police officers observed a vehicle drive into a parking lot and turn its lights off. The officers saw no one emerge from the car and went to investigate. One officer approached from the rear; he saw a flicker of light, then saw that the driver, subsequently identified as appellant Christopher Hondl, was holding a glass pipe used for smoking methamphetamine and was heating the bowl of the pipe with a lighter. The officer directed his flashlight into the vehicle and told appellant and a passenger to put their hands on the dashboard. The passenger did so, but appellant opened his door, got out, and moved away from the vehicle. When the officer told appellant to stop, appellant turned and threw something at the officer.

The thrown object hit the officer in the chest, then fell to the ground, where it broke into many shards of glass. A white mark on the officer's shirt later tested positive for methamphetamine. The officer collected the shards and put them into a box.

2

Appellant was arrested and charged with fifth-degree possession of methamphetamine, fleeing a peace officer, possession of drug paraphernalia, and possession of a small amount of marijuana. He pleaded not guilty to all counts.

The box of shards was sealed and put in the evidence room of the police station. It was later taken to the Minnesota Bureau of Criminal Apprehension (MBCA) lab for testing. The shard that was tested came back positive for methamphetamine.

At trial, appellant's counsel objected to the admission of the box of shards on the ground of lack of foundation. The officer who was hit by the glass pipe when appellant threw it testified that he was qualified as a crime scene technician and that he had photographed the glass shards, collected them, and put them in a cardboard box. The district court determined that this testimony provided adequate foundation. The scientist who performed the test on the glass shard also testified at appellant's trial, as did the other police officer who apprehended appellant in the park and the community-service officer who took the box of shards to the MBCA lab. A jury found appellant guilty on all counts; he was sentenced to 21 months in prison.

He challenges his conviction, arguing that the admission of the box of glass shards into evidence was an abuse of discretion.

## DECISION

A district court's admission of physical evidence will be affirmed unless it constitutes an abuse of discretion. *State v. Daniels*, 361 N.W.2d 819, 827 (Minn. 1985).

Appellant challenges the admission of the box of glass shards, arguing that the officer's testimony did not meet the standard of Minn. R. Evid. 901(b)(1) (providing that

3

testimony from a witness with knowledge that something is what it is claimed to be is sufficient evidence to support a finding that the thing is what a proponent claims it is). While "[t]here can be no rigid formulation of what showing is necessary in order for a particular item to be admissible," an item is authenticated when the state shows that "(1) the evidence offered is the same as that seized, and (2) it is in substantially the same condition." *State v. Johnson*, 239 N.W.2d 239, 242 (Minn. 1976). The authentication process "may become lengthy when it demands the testimony of several witnesses." *State v. Bellikka*, 490 N.W.2d 660, 663 (Minn. App. 1992), *review denied* (Minn. Nov. 25, 1992). But "[w]hen the item is unusual enough to be recognized, the protection against tampering can be verified in a more efficient manner . . . [through] evidence that the object is the same object and is in substantially the same condition . . . [from] a witness who possesses personal knowledge of the object." *Id.*

The officer at whom appellant threw the glass pipe was asked why he was confident that the pieces of glass in the box were the same pieces he had put in the box after the incident. He answered, "They look exactly like the items that I photographed. After referencing the photos I took, these look to be the exact same items." He also testified that the glass shards "appear to be a lot cleaner" than they were when he put them into the box, and that there were more pieces in the box than he put into it because

4

"some of those pieces may have broken in processing or turned into more pieces of glass because [they] could have snapped off. They're rather fragile."[1]

Appellant argues that, because of this testimony, the glass was not in "substantially the same condition." But the items first collected as evidence were pieces of broken glass thought to have methamphetamine on them, and the items the officer said "look[ed] to be the exact same items" were also pieces of broken glass that were by then known to have methamphetamine on them. Appellant implies that shards of glass could never be admitted into evidence because splintered glass placed in a box will inevitably continue to splinter. None of the three people who testified about the glass—the officer who collected them and placed them in a box, the community service officer who transported them from the police station directly to the MBCA lab, and the scientist who examined and tested them—expressed any doubt that the shattered glass admitted into evidence was the glass that was shattered when appellant threw the pipe at the officer.

Finally, appellant argues that the admission of the glass was not harmless because there is a reasonable possibility that it affected the jury's verdict. *See State v. Davis*, 820 N.W.2d 525, 533 (Minn. 2012) ("When an error implicates a constitutional right, we will award a new trial unless the error is harmless beyond a reasonable doubt. An error is harmless beyond a reasonable doubt if the jury's verdict was surely unattributable to the error.") (citation and quotation omitted).

---

[1] The breakage of the shards could also explain why they appeared cleaner: the edges of the pieces broken off after the glass was in the box would not have been in contact with the ground.

But the jury heard testimony from both officers that: (1) they saw appellant throw something and heard glass breaking on the ground; (2) they saw a white mark on the shirt of the officer who had been hit with the object appellant threw, and (3) the white mark proved to be methamphetamine. Even if the glass shards had been excluded, other evidence would support the jury's verdict that appellant was guilty of fifth-degree possession of methamphetamine.

**Affirmed.**